HEALTH DEPARTMENT EMPLOYEES — INSURANCE County health department employees, by reason of being considered state employees, are not eligible for any other government group insurance plan. Further, a county could not pay for coverage for a county group health insurance plan for such employee since they would not be county employees. Employees of the county department of health, being state employees, would not be eligible by definition for a county group health insurance plan because it would cover only county employees, regardless of how the premium was paid. Further, a state employee, by reason of such employment with the State, is not precluded from contracting privately for insurance coverage where he pays the premiums himself but whether or not he would retain full benefit of the State Employees Insurance coverage will be dependent upon the exact terms of the respective contracts. The Attorney General is in receipt of your letter, wherein you ask the following three questions: "1. Are county health department employees eligible to simultaneously participate in: the State Employees Group Health and Life Insurance Plan, and the respective county group health insurance plan; also, can the county pay for the employees' premium for the latter insurance? "2. Can the county health department personnel who are state employees participate in the county insurance program with employee paying for the full coverage personally? "3. Can county health department employees participate in other group plans, paying for the premium themselves, and receive full benefit?" Your opinion letter further reflects that the county department of health employees are employees under the State Merit System through the Department of Health and you further refer to an Attorney General's ruling holding that these employees are eligible for coverage under the State Employees Group Health and Life Insurance Act, codified as 74 O.S. 1301 [74-1301] (1971), et seq. To the extent that county department of health employees are considered state employees and eligible for coverage under the State Employees Group Health Act, they would not be eligible for any other health insurance coverage plan by reason of said employment. A similar question arose in regard to the military department and was answered in part as follows, by 2 Okl. Op.A.G. 181: "We have carefully read and considered the State Employees Group Health Act and find that it authorizes no health insurance and/or benefits coverage plan other than the plan provided for within said act itself. We have found no other authority for the Military Department as such to participate in any other health insurance and/or benefits coverage plan." Therefore, the first part of your first question must be answered in the negative, in that state employees by reason of such employment are eligible for only one group health insurance plan and that is the one provided by the State Employees Group Health and Life Insurance Act. The second part of your first question asks whether or not the county could pay for the employee's premium for a county group health insurance plan. Title 11 O.S. 16 [11-16] (1975), provides, in part, as follows: "Counties, cities, and towns in the State of Oklahoma may provide hospital and medical benefits, accident, health, and life insurance, or any of the aforesaid, in any company authorized to do business in the State of Oklahoma, for any or all of its officers or employees and their dependents, whether said officers or employees are engaged in a governmental or nongovernmental function of said county, city or town, and said counties, cities and towns may pay a portion or all of said premiums from any of said county, city or town general funds, and may deduct from the wages or salary of any such officer or employee, upon written authority signed by the officer or employee, amounts for the payment of all or any portion of the monthly premium for same; . . ." (Emphasis added) As can be seen from a plain reading of said statute, a county may provide hospital and medical benefits, etc., only for its officers or employees. Since the employees referred to in your opinion request are employees of the State, they would not be eligible for coverage under a county health insurance plan and the county would not be legally authorized to pay the premium for such coverage. Your second question is whether a county health department employee may participate in a county insurance program, all premiums being paid by such employee. Question two must be answered in the negative, in that the group health insurance coverage provided by a county would cover, as discussed above, only county employees and a state employee by definition could not be a member of the insured group, regardless of how the premiums are paid. Your third question asks if a county department of health employee can participate in any other group plan paying the premiums himself and receive full benefits. The first part of your third question must be answered in the affirmative in that a state employee, by reason of employment with the State, does not lose his right to privately contract for insurance coverage. Assuming that he would be eligible for some "third group" and was willing to pay the premiums himself for such insurance coverage, he would not be precluded from doing so. Whether such an employee would receive the full benefits of his state insurance plan can be determined only by examining the terms of both contracts of insurance actually entered into, and insofar as we do not have these before us, the latter part of your third question cannot be answered. It is, therefore, the opinion of the Attorney General that question one be answered as follows: County health department employees, by reason of being considered state employees, are not eligible for any other government group insurance plan. Further, a county could not pay for coverage for a county group health insurance plan for such employees since they would not be county employees. It is further the opinion of the Attorney General that your second question must be answered in the negative, in that employees of the county department of health, being state employees, would not be eligible by definition for a county group health insurance plan because it would cover only county employees, regardless of how the premium was paid. It is further the opinion of the Attorney General that your third question be answered in the affirmative, in that a state employee, by reason of such employment with the State, is not precluded from contracting privately for insurance coverage where he pays the premiums himself but whether or not he would retain full benefit of the State Employees Insurance coverage will be dependent upon the exact terms of the respective contracts which are not before the Attorney General and, therefore, this question cannot be answered in this opinion. (James H. Gray)